UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ATRIA HOLDINGS, S.A.,

                Plaintiff,

v.                                       Case No. 6:25-cv-462-JA-LHP

GOLDEN FLORIDA TRADE
LLC, JBWS ENTERPRISE LLC,
and JAIME JIMENEZ,

                Defendants.

_____

## ORDER

    This case is before the Court on Defendants, Golden Florida Trade LLC,

JBWS Enterprise LLC, and Jaime Jimenez's motion to dismiss (Doc. 36) and

Plaintiff, Atria Holdings, S.A.'s response (Doc. 37). Based on the Court's review

of the parties' submissions, the motion must be denied.

## I.    BACKGROUND

    Beginning in 2012, Plaintiff invested for several years in the First

American Land Trust (FALT), a real estate investment trust (REIT). (Doc. 35

¶¶ 9, 26). A REIT is "a vehicle for group investment in real estate, just as a

mutual fund is a vehicle for group investment in stocks or bonds." (Doc. 36-1 at

2 (quoting Real Estate Inv. Trusts, Real Estate Professional's Tax Guide § 41:2);

Doc. 35 ¶¶ 7–9). Generally, REITs hold real estate assets and mortgages in a

portfolio—not directly as individual assets—and are required by law to distribute a certain percentage of income to investors. (Doc. 35 ¶ 11). Plaintiff alleges that, unbeknownst to it, the FALT did not qualify as a REIT under the law. (Doc. 35 ¶ 11).

Plaintiff loaned money to borrowers through the FALT under individual balloon notes, allowing borrowers to purchase income-producing real property in central Florida or to finance other business ventures with the loan proceeds. (*Id.* ¶ 14). Plaintiff and the borrowers agreed that the properties purchased with the balloon note proceeds must be deeded to a property-specific Florida land trust, the First American Land Trust Company, LLC, whose first beneficiary was Plaintiff. (*Id.* ¶ 15). Plaintiff alleges that it loaned over $9.5 million for twenty-seven purchases of real estate through the FALT, including nearly $1.5 million in combined loans to Defendants Golden Florida Trade (loan 23); Jaime Jimenez (loans 2, 3, and 4); and JWBS Enterprise (loan 25). (*See id.* ¶¶ 22, 26; Docs. 35-6; 35-7; 35-8; & 35-9).

In 2018, Atlantic Funding Capital Corp. (AFCC), the mortgage broker and escrow servicing agent for the balloon notes, began delaying transmission of loan payments to Plaintiff. (*Id.* ¶¶ 18, 36). Plaintiff responded by instructing borrowers to send loan payments to Alcaid, Inc.—an affiliate of Plaintiff—rather than to AFCC. (*Id.* ¶¶ 37–38). Nevertheless, Plaintiff did not receive full

payment on the loans through Alcaid or otherwise. (*Id.* ¶ 40). Plaintiff alleges that all of Defendants' loan balances are in default. (*Id.* ¶ 22).

In June 2021, Plaintiff, AFCC, and AFCC's principal, Francisco Romero, reached two separate settlement agreements in which AFCC and Mr. Romero agreed to pay the outstanding balance on the balloon notes. (*Id.* ¶ 45). Plaintiff alleges that the settlement agreements did not release any borrowers from their obligations under the loans until the loans were paid in full. (Doc. 35 ¶¶ 47, 49). And Plaintiff claims that Defendants' loans have not been paid in full. (*Id.* ¶ 50).

Plaintiff commenced this action in November 2023 by filing a complaint in the Orlando Division of the Middle District of Florida against more than twenty defendants, including the three Defendants in this case as well as AFCC and Mr. Romero. (Case No. 6:23-cv-2254-ACC-EJK, Doc. 37-2). That case was transferred to the Ocala Division based on several of the defendants' forum-selection clauses, (*see id.*), and a new case was opened in the Ocala Division, Case No. 5:23-cv-685-JSM-PRL. The original Orlando case was then closed. (Doc. 36-2).

The three Defendants in this case were dismissed from the Ocala case in July 2024 because Defendants' agreements contained forum-selection clauses requiring venue to lie in the Orlando Division. (Doc. 36-4). The judge in the Ocala case instructed Plaintiff to separately proceed against the three

Defendants in this case by moving to reopen the original Orlando case. (*Id.* at 4–5).

When Plaintiff moved to reopen the original Orlando case, the motion was denied in part due to the potential impropriety of Plaintiff severing Defendants from the pending case in Ocala and thereby creating parallel—and potentially inconsistent—litigation. (Doc. 36-1). Following that decision, the judge in the Ocala case instructed Plaintiff to file another complaint and stated that any defendant with a forum-selection clause designating the Orlando Division as venue could thereafter move to transfer the case if so desired. (Doc. 36-2). After the three Defendants in this case moved to transfer to Orlando, Plaintiff—as instructed by the judge in the Ocala case—filed its third amended complaint in the Ocala Division against only these three Defendants. (*See* Doc. 253 in Case No. 5:23-cv-685). That complaint was designated to be transferred, resulting in this new case being created in the Orlando Division. (Doc. 1). With the Court's permission, Plaintiff has now filed a "Fifth Amended Complaint" (Doc. 35), which is the second amended complaint that has been filed in this Orlando case. (Doc. 33; Doc. 34).

Plaintiff brings ten separate counts in the Fifth Amended Complaint, including claims for breach of the balloon notes and breach of the trust agreements against all three Defendants as well as unjust enrichment claims

against Golden Florida Trade and JBWS Enterprise. (*See generally* Doc. 35).

Defendants move to dismiss the Fifth Amended Complaint, arguing that: (1) Plaintiff's claims are barred by the election-of-remedies doctrine; (2) Plaintiff has failed to join indispensable parties to this action; (3) Plaintiff has failed to produce the original promissory notes at issue in this case; (4) Plaintiff has not paid the documentary stamp tax on the balloon notes it seeks to enforce; (5) Plaintiff has not obtained a certificate of authority to transact business in Florida; (6) the complaint improperly commingles claims; and (7) the statute of limitations bars Plaintiff's claims. (*See generally* Doc. 36).

## II.    LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering a Rule 12(b)(6) motion to dismiss, a court limits its "consideration to the well-pleaded factual allegations,

5

documents central to or referenced in the complaint, and matters judicially noticed." *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.  DISCUSSION

### A.    Election of Remedies

Defendants argue Plaintiff's claims are barred by the election-of-remedies doctrine because Plaintiff entered into two settlement agreements with Mr. Romero and AFCC that Defendants characterize as an "accord and satisfaction" of Defendants' obligations to Plaintiff under the balloon notes. (Doc. 36 at 4–5). Defendants contend that Plaintiff is seeking a double recovery by asking for loan proceeds from Defendants in this case while simultaneously pursuing settlement funds from Mr. Romero and AFCC in the Ocala case that were intended as an accord for those same loan proceeds.

"The election of remedies is part of the law of estoppel and 'prevents a party from asserting his or her rights by maintaining inconsistent or repugnant positions or by proceeding upon irreconcilable claims of right.'" *Dadeland Dodge, Inc. v. Chrysler Motors LLC*, No. 07-22324-CIV, 2007 WL 9702150, at *2 (S.D. Fla. Oct. 30, 2007) (quoting 25 Am. Jur. 2d *Election of Remedies* § 4 (2007)); *see also Vasquez v. Sorrells Grove Care, Inc.*, 962 So. 2d 411, 413 (Fla. 2d DCA 2007).[1] "A party will not be permitted to enforce wholly inconsistent demands

---

[1] "A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's

respecting the same right[s]," but "the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies." *Barbe v. Villeneuve*, 505 So. 2d 1331, 1333 (Fla. 1987) (alteration in original) (quoting *Am. Process Co. v. Fla. White Pressed Brick Co.*, 47 So. 942, 944 (Fla. 1908)). "All consistent remedies may in general be pursued concurrently . . . but the satisfaction of the claim by one remedy puts an end to the other remedies." *Id.* (quoting *Am. Process Co.*, 47 So. at 944).

Defendants' motion fails under Rule 12(b)(6) because "[e]lection of remedies is an affirmative defense that is not properly raised by means of a motion to dismiss where the affirmative defense does not appear on the face of the [challenged] pleading." *Vause v. Bay Med. Ctr.*, 687 So. 2d 258, 261 (Fla. 1st DCA 1996) (citing *Ecological Sci. Corp. v. Boca Ciega Sanitary Dist.*, 317 So. 2d 857 (Fla. 2d DCA 1975)). It is not evident from the face of the Fifth Amended Complaint that Plaintiff's claims are inconsistent such that estoppel is warranted. And Defendants' argument that the settlement agreements constitute an "accord and satisfaction" is an affirmative defense that must be asserted in responding to a pleading—it does not generally provide an independent basis to dismiss a complaint under Rule 12(b)(6). *See* Fed. R. Civ.

---

highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983).

P. 8(c); *Ortega v. Gold Coast Beverage Distribs., Inc.*, No. 1:13-CV-21480-UU, 2013 WL 12101095, at *1 (S.D. Fla. May 7, 2013).

## B.    Indispensable Parties

Defendants also argue that this case should be dismissed under Rule 12(b)(7) because nonparties AFCC and Mr. Romero are "necessary and indispensable parties to this action" under Rule 19(a). (Doc. 36 at 7). In determining whether dismissal under 12(b)(7) for failure to join a party under Rule 19 is warranted, the Court must first "decide whether an absent party is required in the case under Rule 19(a)." *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 682 (S.D. Fla. 2014) (quoting *Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC*, Case No. 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011)). "If a court determines that an absent party does satisfy the Rule 19(a) criteria . . . the court must order that party joined if its joinder is feasible." *Id.* (citing Fed. R. Civ. P. 19(a)(2) and *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 842 F. Supp. 2d 1360, 1365–66 (N.D. Ga. 2012)). "[A]n absent party is considered necessary" if "the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations." *Id.* (citing Fed. R. Civ. P. 19(a)(1), and *City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999)). If a necessary party's joinder is not feasible, the court must consider if, "in equity and good conscience, the action should proceed among the existing

8

parties or should be dismissed." *Id.* (quoting Fed. R. Civ. P. 19(b)).

At this stage of the case, Plaintiff's claims against Defendants are independent of its pending claims in the Ocala case. Plaintiff's Fifth Amended Complaint here alleges Defendants breached their agreements with Plaintiff by failing to pay debts owed on the balloon notes. There are no allegations that Defendants' debts were discharged by the June 2021 settlement agreements or otherwise. Moreover, Defendants were once parties to the same lawsuit as AFCC and Mr. Romero in the Ocala Division, but Defendants voluntarily initiated transfer to the Orlando Division, diminishing any concerns related to the "equity and good conscience" of allowing this action to proceed without those parties. To the extent Defendants could be prejudiced by the parallel litigation in the Ocala Division, the Court notes that Rule 19(b)(2) provides multiple methods by which that prejudice may be avoided.

## C.    Original Promissory Notes

Defendants next argue that this case should be dismissed because Plaintiff has not produced the original balloon notes. Indeed, Florida law requires the production of a negotiable instrument, including a promissory note such as a balloon note, prior to enforcement. *See* § 673.1041(1), Fla. Stat.; *Branch Banking & Tr. Co. v. Papa & Gipe, P.A.*, No. 8:14-cv-2848-T, 2016 WL 3655312, at *3 (M.D. Fla. July 8, 2016). "If [the enforcing party] is not in

9

possession of the original note, and cannot reestablish it, the party simply may not prevail in an action on the note" because a copy of a negotiable instrument is "not admissible to the same extent as the original." *Id.* at *4 n. 1 (collecting cases); § 90.953, Fla. Stat.

Plaintiff alleges that it holds the original promissory notes at issue in this case. (*See* Doc. 35 ¶¶ 60, 71, 82, 93). At this stage, those allegations are sufficient. *See Thompson v. Kindred Nursing Ctrs. East, LLC*, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (denying motion to dismiss where the plaintiff alleged that "[a]ll conditions precedent to the filing of this action have been satisfied or have occurred"); *U.S. Bank Nat'l Ass'n v. Laird*, 200 So. 3d 176, 177 (Fla. 5th DCA 2016) (noting, in a discussion of standing requirements, that filing an original note before trial, where only a copy had previously been submitted, was "sufficient to establish that [a]ppellant had actual possession of the note at the time the complaint was filed").

### D.    Documentary Stamp Tax

Defendants argue that the balloon notes, as written obligations to pay money, are subject to Florida's documentary stamp tax. *See* § 201.08, Fla. Stat. Defendant state that "[t]he face of the promissory notes do not bear any indicia that Plaintiff paid the documentary stamp tax" and argues for dismissal on that basis. (Doc. 36 at 9).

Under Florida law, a documentary stamp tax is imposed on "promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation." § 201.08. Fla. Stat. Plaintiff's Fifth Amended Complaint alleges that "[a]ll conditions precedent to this action have occurred, been satisfied or have been excused or waived." (Doc. 35 ¶ 51). At the motion-to-dismiss stage, it is sufficient for Plaintiff to allege that it complied with all conditions precedent to support its claims. *See* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."); *see also Union Grp. Labs, LLC v. Span Enters., LLC*, No. 6:20-cv-610-Orl, 2020 WL 6079177, at *2 (M.D. Fla. Sept. 9, 2020) (noting that "[w]hether all conditions precedent have actually been satisfied is not a matter that is generally adjudicated at the motion to dismiss stage").

## E.  Certificate of Authority

Defendants argue that Plaintiff, a Panamanian corporation,[2] has failed to obtain a necessary certificate of authority to transact business in Florida. Defendants point to records on Sunbiz, the official website for the Florida Department of State, that indicate Plaintiff lacks the required certificate of

---

[2] Plaintiff alleges that it is incorporated in Panama as a "Sociedad Anonima," which it characterizes as "akin to a corporation in the United States." (Doc. 35 ¶ 3).

11

authority. (Doc. 36-5).

Florida law provides that "[a] foreign corporation may not transact business in this state until it obtains a certificate of authority." § 607.1501(1), Fla. Stat. Moreover, "[a] foreign corporation transacting business in this state" may not "maintain an action or proceeding in this state until it has obtained a certificate of authority to transact business in this state." § 607.1502(1), Fla. Stat.

However, "a certificate of authority is a condition only to maintaining a lawsuit, not to filing one." *Super Prods., LLC v. Intracoastal Env't, LLC*, 252 So. 3d 329, 330 (Fla. 2d DCA 2018). In *Super Products*, a Florida state appellate court clarified that "the remedy of dismissal" for failure to obtain a certificate of authority "is not provided for in the statute." *Id.* Thus, assuming Defendants are correct that Plaintiff has not acquired a certificate of authority to transact business in Florida, dismissal is not an available remedy at this stage.

### F.    Commingled Claims

Defendants next contend that Plaintiff improperly commingled claims against unrelated individuals and entities. This argument is without merit.

Federal Rule of Civil Procedure 20(a) allows for joinder of defendants in a single action "if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or

12

occurrences, and if any question of law or fact common to all defendants will arise in the action." Moreover, Rule 8(a) requires a plaintiff to allege "a short and plain statement of the claim," while Rule 10(b) requires that the allegations of a claim be "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."

Plaintiff's allegations stem from Defendants' outstanding debts from the FALT. Defendants may have unique defenses for their performance under each loan, but that alone does not make joinder improper. And the Fifth Amended Complaint divides each loan into a separate count so that Defendants can assert an individualized defense for each loan. Thus, Defendants have not shown that dismissal is warranted on this basis. *See Henderson v. Todd Rhyne, Inc.*, No. 5:19-cv-327-Oc-30PRL, 2019 WL 7567811, at *4 (M.D. Fla. Dec. 13, 2019), *report and recommendation adopted*, No. 5:19-cv-327-Oc, 2020 WL 136520 (M.D. Fla. Jan. 13, 2020).

### G.    Statute of Limitations

Finally, Defendants argue that Plaintiff's claims are barred by the statutes of limitations. Plaintiff has three claims for breach of contract against Jaime Jimenez and claims for breach of contract and unjust enrichment against

both Golden Florida Trade and JBWS Enterprise. (*See generally* Doc. 35). Under Florida law, unjust enrichment claims are subject to a four-year statute of limitations, *see* § 95.11(3), Fla. Stat. And breach-of-contract claims are generally subject to a five-year statute of limitations, *see* § 95.11(2), Fla. Stat. The statute of limitations for enforcement of a promissory note generally begins when the loan reaches maturity or is accelerated. *See Bank of N.Y. Mellon for Nationstar Home Equity Tr. 2007-A v. Pedersen*, 706 Fed. App'x 542, 544 (11th Cir. 2017).[3]

A plaintiff's alleged failure to comply with the applicable statutes of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Thus, a Rule 12(b)(6) motion to dismiss on statute of limitations grounds is appropriate only when it is "apparent from the face of the complaint that the claim is time-barred.'" *Hinds v. Credigy Receivables, Inc.*, No. 6:07-cv-1081-Orl, 2008 WL 11435771, at *1 (M.D. Fla. Apr. 29, 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)). Under Florida law, the time for filing an action begins to run when "the last element constituting the cause of action occurs." § 95.031, Fla. Stat.

Determining whether Plaintiff's claims are barred by applicable statutes of limitations necessitates a factual inquiry that cannot be made at this stage of

---

[3] In the Eleventh Circuit, "unpublished decisions . . . bind no one," *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016), but "may be cited as persuasive authority," 11th Cir. R. 36-2.

the case. Whether Plaintiff's claims are barred by the statute of limitations is not evident from the Fifth Amended Complaint. Therefore, Defendants' motion must be denied.

## IV.    CONCLUSION

For the reasons explained above, it is **ORDERED** that Defendants' motion to dismiss (Doc. 36) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on December _16_, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

15