UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ATRIA HOLDINGS, S.A.,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-462-JA-LHP**

**GOLDEN FLORIDA TRADE LLC, JBWS ENTERPRISE LLC, and JAIME JIMENEZ,**

**Defendants.**

---

# ORDER

This case concerns Plaintiff, Atria Holdings, S.A.'s (Atria) attempts to recover overdue loan payments from borrowers who deny agreeing to the loans. Atria brings ten claims in contract and tort against Defendants, Golden Florida Trade LLC (Golden Florida), JBWS Enterprise LLC (JBWS), and Jaime Jimenez. (Fifth Am. Compl., Doc. 35). Now before the Court are motions for summary judgment filed separately by Defendants Golden Florida (Doc. 53), JBWS (Doc. 50), and Jimenez (Doc. 57).[1] Based on the Court's review of the parties' submissions, all three summary-judgment motions must be denied.

## I. BACKGROUND

Atria is a Panama-based lender that provides loans in the United States.

---

[1] The Court has considered the parties' responses (Docs. 62, 63 & 64) and replies (Docs. 71, 72, & 73) to the summary-judgment motions.

(*See* Doc. 64-34 at 9; Doc. 64-35 at 11:1–19). In 2012, Francisco Romero and Johann Puruncajas solicited Atria to make loans to First American Land Trust Company, LLC (First American), a real estate investment vehicle managed by Romero.[2] (Romero Dep., Doc. 64-35 at 10:1–8). Using cash received from Atria, First American arranged loans to purchasers of residential property in Central Florida, who in turn signed promissory notes and other documents at closing. (*See, e.g.*, Doc. 64-4 at 9; Doc. 64-19 at 11, 52; Doc. 64-27 at 10).

Pursuant to this arrangement, Defendants allegedly borrowed money and signed promissory notes in Atria's favor in 2018. (*See* Fifth Am. Compl. ¶¶ 62, 73, 84, 95; Doc. 64-7; Doc. 64-9; Doc. 64-10; Doc. 64-11; Doc. 64-12).[3] But each Defendant has submitted an affidavit asserting that there was no agreement for a loan and that no promissory note was signed. (*See* Larrea Aff., Doc, 53-1, ¶¶ 4–9; Angamarca Aff., Doc. 50-1, ¶¶ 4–9; Jimenez Aff., Doc. 57-1, ¶¶ 3, 6, 10, 16).

## II. LEGAL STANDARDS

On a motion for summary judgment, a district court views "all facts and reasonable inferences in the light most favorable to the nonmoving party."

---

[2] Romero, Puruncajas, and First American are not parties to this action but are parties to a related action pending in the Ocala division of the Middle District of Florida, Case No. 5:23-cv-685-JEP-PRL.

[3] Some documents cited herein appear to have been originally written in Spanish, for which Atria has provided uncertified English translations. Although no party makes any specific challenges to the accuracy of these translations, the Court considers the documents only to the limited extent that they are relevant to whether a genuine dispute of material fact exists.

*Wesson v. Huntsman Corp.*, 206 F.3d 1150, 1152 (11th Cir. 2000). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant "bears the initial responsibility of informing the district court of the basis for its motion" and "identifying those portions" of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant demonstrates the absence of a genuine issue of material fact, "[t]he burden then shifts to the non[]moving party" to "present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). To defeat the motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III. DISCUSSION

Defendants assert in their motions that it is "undisputed" that they did not sign or authorize the loan documents and that even if they had, the loan contracts are unenforceable for want of consideration. (Doc. 50 at 1; Doc. 53 at

1; Doc. 57 at 11–13). Defendants also move for entry of judgment in their favor because Atria has purportedly failed to file the original promissory notes, secure a certificate of authority, or pay the documentary stamp tax on the promissory notes. Defendants Golden Florida and JBWS seek summary judgment on Atria's unjust-enrichment claim. And Jimenez additionally argues that Atria lacks standing to enforce the promissory note against him and that Florida's statute of limitations bars Atria's claims.

### A. Defendants' Purported Assent to the Loan Documents

Defendants each deny having signed the notes and other documents that purport to bear their signatures. (*See* Larrea Aff. ¶ 4; Angamarca Aff. ¶ 4; Jimenez Aff. ¶ 5). In support of their position, all three Defendants reference Romero's deposition testimony in which he claims to have stolen Defendants' personal and financial information and forged their signatures on the notes and other documents. (*See* Doc. 50 at 1; Doc. 53 at 1; Doc. 57 at 11–13; Romero Dep. at 30:10–24, 31:8–16, 68:22–69:3, 74:16–22, 84:16–85:15).

But at odds with Romero's deposition testimony are Puruncajas's communications with Defendants. Puruncajas relayed to Atria his contemporaneous discussions with Defendants regarding their loans, including their purported signing of the loan documents, the need to correct certain items, and loan extensions to account for sale delays. (*See* Vergara Golden Florida Aff., Doc. 62-1, ¶¶ 7–15 (citing Docs. 62-4 & 62-6); Vergara JBWS Aff., Doc. 63-1,

¶¶ 7–17 (citing Docs. 63-3 & 63-6); Vergara Jiminez Aff., Doc. 64-1, ¶¶ 12–17, 22–25, 35–38 (citing Docs. 64-7, 64-8, 64-9, 64-17, & 64-33)).[4] The closing documents that Puruncajas's office submitted to Atria also indicate that they were signed by Defendants in the presence of a notary. (*See, e.g.*, Doc. 62-8; Doc. 63-10; Doc. 64-7; Doc. 64-9; Doc. 64-10; Doc. 64-11; Doc. 64-12).

Thus, Romero's deposition testimony is not necessarily dispositive evidence that Defendants did not agree to the loans. Puruncajas's correspondence, in conjunction with the signed loan documents themselves, is sufficient to create a genuine dispute of material fact about the authenticity of Defendants' purported signatures. *See Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012) ("Where a fact-finder is required to weigh a deponent's credibility, summary judgment is simply improper." (citing *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531–32 (11th Cir. 1987))).

**B. Consideration**

Assuming that Defendants did sign the loan-closing documents, Defendants assert that Atria cannot show they received consideration under the loan contracts. Defendants note that Atria transferred the loans to First American—not directly to Defendants—and that Atria did not independently

[4] Atria includes separate affidavits from Gina M. Vergara with each of its responses to Defendants' summary-judgment motions. (*See* Docs. 62-1, 63-1, & 64-1). To avoid confusion, the Court refers to Atria's affidavits by reference to the Defendant that it pertains to.

verify whether Defendants received any loan proceeds. Atria did not address this issue in its responses.

"Under the law of Florida, there are several 'basic requirements' of a valid contract: 'offer, acceptance, consideration[,] and sufficient specification of essential terms.'" *Pier 1 Cruise Experts v. Revelex Corp.*, 929 F.3d 1334, 1347 (11th Cir. 2019) (alteration in original) (quoting *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). "Consideration, Florida courts have held, is 'the primary element moving the execution of a contract,' and 'absolutely necessary to the forming of a good contract.'" *Id.* (first quoting *Frissell v. Nichols*, 114 So. 431, 434 (Fla. 1927); and then quoting *Jones v. McCallum*, 21 Fla. 392, 392 (Fla. 1885)). "Lack of consideration is a valid affirmative defense to a suit on a promissory note." *Lambert v. Weeks*, 559 So. 2d 1163, 1164 (Fla. 4th DCA 1989)[5] (citing *Windle v. Sebold*, 241 So. 2d 165 (Fla. 4th DCA 1970), and § 673.408, Fla. Stat. (1987)).

Although Defendants claim that they did not receive proceeds from the loans at issue, Atria's representative asserts in her affidavit that Atria wired the loan proceeds to First American and that Atria's and First American's bank statements consistently reference Defendants' properties. (*See* Vergara Golden

---

[5] "A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983).

Florida Aff. ¶¶ 14–15 (citing Docs. 62-9 & 62-10); Vergara JBWS Aff. ¶¶ 15–17 (citing Docs. 63-10, 63-11, & 63-12); Vergara Jimenez Aff. ¶¶ 28–30 (citing Docs. 64-23, 64-24, & 64-25)). Atria also points to bank statements that purportedly indicate that Defendants received loan proceeds. (*See, e.g.*, Vergara Golden Florida Aff. ¶ 17 (citing Doc. 62-10); Vergara JBWS Aff. ¶ 17 (citing Doc. 63-12)). Whether Defendants received the loan proceeds is genuinely disputed; therefore, summary judgment must be denied. *See Lambert*, 559 So. 2d at 1164 (reversing the entry of summary judgment under circumstances similar to this case).

### C. Original Promissory Notes, Certificate of Authority, Documentary Stamp Tax

Defendants claim they are entitled to judgment because Atria has not yet filed the original promissory notes. However, Florida law permits a plaintiff to submit an original note before trial—even if only a copy was attached to the initial pleading—so long as the note is "sufficient to establish that [a]ppellant had actual possession of the note at the time the complaint was filed." *U.S. Bank Nat'l Ass'n v. Laird*, 200 So. 3d 176, 177 (Fla. 5th DCA 2016). Defendants have not provided any authority that would require entry of summary judgment based on this issue.

Next, Defendants challenge Atria's right to maintain this lawsuit because under Florida law, a foreign corporation like Atria "may not maintain a

proceeding in any court in this state until it obtains a certificate of authority." § 607.1502(1), Fla. Stat. However, Atria submitted documents from the Florida Department of State indicating that Atria obtained a certificate of authority in September 2025. (*See* Doc. 63-13). In light of this evidence, Defendants have not demonstrated that summary judgment is warranted.

The Court is also not persuaded that Defendants are entitled to judgment on the documentary-stamp-tax issue. Although Florida law requires payment of a documentary tax on promissory notes, *see* § 201.08(1), Fla. Stat., Florida's appellate courts disagree as to whether dismissal is required when a lender attempts to enforce a note without having first paid the documentary stamp tax. *Compare Somma v. Metra Elecs. Corp.*, 727 So. 2d 302, 305 (Fla. 5th DCA 1999), *with Glenn Wright Homes (Delray) LLC v. Lowy*, 18 So. 3d 693, 696 (Fla. 4th DCA 2009). Even assuming that payment of the documentary stamp tax is a prerequisite to enforcing a promissory note, dismissal may not be the appropriate remedy. *See Somma*, 727 So. 2d at 305 (explaining that a court may order abatement of an action "for a time sufficient to enable the plaintiff to purchase documentary stamps and affix them to the note"). Alternatively, "the court may permit the lender to pay the taxes belatedly." *Nikooie v. JPMorgan Chase Bank, N.A.*, 183 So. 3d 424, 430 (Fla. 3d DCA 2014) (citing *Klein v. Royale Grp., Ltd.*, 578 So. 2d 394, 395 (Fla. 3d DCA 1991)). Defendants have not shown that they are entitled to judgment as a matter of law on this issue.

### D. Atria's Unjust-Enrichment Claim Against Golden Florida and JBWS

Golden Florida and JBWS seek summary judgment on Atria's unjust-enrichment claim, arguing that evidence of funds transferred to First American fails to show that Atria conferred a benefit upon Golden Florida and JBWS. As already discussed, whether Golden Florida and JBWS ultimately received the proceeds that Atria wired to First American is genuinely disputed. Therefore, summary judgment must be denied. *See Cohen v. Kravit Est. Buyers, Inc.*, 843 So. 2d 989, 992 (Fla. 4th DCA 2003) (explaining that whether a benefit was conferred is a question of fact precluding summary judgment).

### E. Jimenez's Standing Argument

Jimenez argues that Atria lacks standing to enforce the promissory note for one of his loans because the original lender was Latin American Bottling Company, Inc. rather than Atria. (Doc. 57 ¶ 4). Although the note was initially issued by Latin American Bottling Company, Atria holds the purported December 2018 extension of the note. (Doc. 64-12).

In Florida, "[p]romissory notes are, by definition, negotiable instruments which, by law, may be enforced by a holder, a nonholder in possession who has the rights of the holder, or a person not in possession who nevertheless is entitled to enforce the note." *Fed. Nat'l Mortg. Ass'n v. McFadyen*, 194 So. 3d 418, 419 (Fla. 3d DCA 2016) (citing § 673.3011, Fla. Stat. (2015)). The holder of

a note may have standing to seek enforcement even where the holder was not the original lender. *Gonzalez v. Deutsche Bank Nat'l Tr. Co.*, 95 So. 3d 251, 253 (Fla. 2d DCA 2012).

Whether Atria is entitled to enforce the note is genuinely disputed. The signed extension of the loan—which explicitly identifies Atria as the lender—is sufficient evidence to create a genuine dispute of material fact as to Atria's standing to enforce the loan. Therefore, summary judgment must be denied. *See U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Petre*, 308 So. 3d 166, 170 (Fla. 4th DCA 2020) (explaining that the existence of genuine issues of material fact on the question of a party's standing to enforce a promissory note precludes summary judgment).

**F. Jimenez's Statute-of-Limitations Argument**

Finally, Jimenez—noting that his loans originated in 2014—requests judgment based on Florida's five-year statute of limitations to enforce a promissory note. (*See* Vergara Jiminez Aff. ¶¶ 8–10, 26–34). But if the factfinder determines that Jimenez signed the loan-extension documents in 2018, his limitations defense potentially fails. *See* § 95.11(2)(b), Fla. Stat. Therefore, summary judgment must be denied on this ground as well. *See, e.g.*, *Baxter v. Northrup*, 128 So. 3d 908, 909 (Fla. 5th DCA 2013) (finding that genuine issues of material fact precluded summary judgment on statute-of-limitations defense).

## IV. CONCLUSION

For the reasons explained herein, it is **ORDERED** and **ADJUDGED** as follows:

1. JBWS Enterprise LLC's motion for summary judgment (Doc. 50) is **DENIED**.

2. Golden Florida Trade LLC's motion for summary judgment (Doc. 53) is **DENIED**.

3. Jaime Jimenez's motion for summary judgment (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on October 21st, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record